(Slip Opinion)        OCTOBER  TERM,  2005        1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## KIRCHER ET AL. *v.* PUTNAM FUNDS TRUST ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 05–409.   Argued April 24, 2006—Decided June 15, 2006

The Securities Litigation Uniform Standards Act of 1998 (Act) specifies that private state-law "covered" class actions alleging untruth or manipulation "in connection with the purchase or sale" of a "covered" security may not "be maintained in any State or Federal court," 15 U. S. C. §77p(b), and authorizes removal to federal district court of "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)," §77p(c).  "A 'covered class action' is a lawsuit in which damages are sought on behalf of more than 50 people.  A 'covered security' is one traded nationally and listed on a regulated national exchange."  *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Dabit,* 547 U. S. ___, ___.

Petitioners, mutual fund investors, filed separate state-court actions, each seeking to assert state-law claims on behalf of a class of investors allegedly injured by devaluation of their holdings by respondent mutual funds.  The funds filed notices of removal in each case stating, among other things, that the actions were removable under and precluded by the Act.  Once removed, however, the Federal District Court remanded each case to state court on the ground that it lacked subject-matter jurisdiction on removal because the Act did not preclude the investors' claims.  Since they were said to have been injured as "holders" of mutual fund shares, not purchasers or sellers, the court reasoned, their claims did not satisfy §77p(b)'s "in connection with the purchase or sale" requirement, and the claims could therefore proceed in state court.  The Seventh Circuit acknowledged that 28 U. S. C. §1447(d) bars review of district court orders remanding removed cases for lack of subject-matter jurisdiction, but decided that the District Court had the last word neither on the characterization of its decision as jurisdictional nor on the correctness of its con-

Syllabus

clusion that remand was required. The appeals court considered all covered class actions involving covered securities, whether precluded or not, to be removable under the Act, and therefore thought the preclusion issue distinct from the jurisdictional issue whether the case belonged in federal court at all. It held that orders remanding "properly removed" suits as not precluded are substantive and unaffected by §1447(d), and therefore reviewable. Proposing that the Act reserves to the Federal Judiciary the exclusive authority to make the preclusion decision, the court said that treating remand orders in this context as immunized from appeal by §1447(d) would mean that a major substantive issue would escape review, since it would not be open to resolution in the state court subject to review by this Court. The Seventh Circuit subsequently consolidated the funds' appeals and decided, on the merits, that the Act precludes the investors' claims.

*Held:* Orders remanding for want of preclusion under the Act are subject to §1447(d) and its general rule of nonappealability. Pp. 5–14.

(a) Section 1447(d), which states that an "order remanding a case to the State court from which it was removed is not reviewable on appeal," applies to all remands based on the grounds specified in §1447(c), including lack of subject-matter jurisdiction. *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336, 343–345. It applies equally to cases removed under the general removal statute, §1441, and to those removed under other provisions, see *Things Remembered, Inc.* v. *Petrarca,* 516 U. S. 124, 128, and its force is not subject to any statutory exception that might cover this case. The District Court said that it was remanding for lack of jurisdiction, an unreviewable ground. Where a remand order is based on one of §1447(c)'s grounds, review is unavailable no matter how plain the legal error in ordering the remand. *Briscoe* v. *Bell,* 432 U. S. 404, 413, n. 13. The Seventh Circuit did not overlook cases like *Briscoe,* but relied instead on cases such as *Kontrick* v. *Ryan,* 540 U. S. 443, which observed that some rulings loosely called jurisdictional are patently not jurisdictional in the strict sense. Viewing this as such a case, the appeals court understood the District Court's preclusion decision to be substantive, not jurisdictional, and consequently subject to review. But the District Court was correct in understanding its remand order to be dictated by a finding that it lacked removal jurisdiction. Section 77p(c)'s authorization for removal, on which district-court jurisdiction depends, is confined to cases "set forth in subsection (b)," *i.e.,* those with claims of untruth or manipulation. That phrase immediately follows the §77p(c) language describing removable cases as covered class actions involving covered securities, and the language has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception. Legislative history tends to show

Syllabus

that this was just what Congress understood. The preclusion determination is jurisdictional, as is the order implementing it. Pp. 5–11.

(b) The Seventh Circuit's reading was in part motivated by the court's erroneous assumption that the Act gives federal courts exclusive jurisdiction to decide the preclusion issue. A covered action is removable if it is precluded, and a defendant can enlist the Federal Judiciary to decide preclusion, but he can elect to leave the case where the plaintiff filed it and trust the state court to make the preclusion determination. What a state court could do in the first place it may also do on remand; here, the funds can ask for dismissal on preclusion grounds when they return to state court. Collateral estoppel should be no bar to such a revisitation, given that §1447(d) prevents the funds from appealing the District Court's decision. While the state court cannot review the decision to remand in an appellate way, it is free to reject the remanding court's reasoning. *Id.,* at 583. There is no reason to doubt that the state court in this litigation will duly apply *Dabit*'s holding that holder claims are embraced by §77p(b), but this Court can review any claim of error on that point. Pp. 11–14.

403 F. 3d 478, vacated and remanded.

SOUTER, J., delivered the opinion of the Court, in which ROBERTS, C. J., and STEVENS, KENNEDY, THOMAS, GINSBURG, BREYER, and ALITO, JJ., joined, and in which SCALIA, J., joined as to Parts I, III, and IV. SCALIA, J., filed an opinion concurring in part and concurring in the judgment.

Opinion of the Court

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

———————

No. 05–409

———————

## CARL KIRCHER, ET AL., PETITIONERS *v.* PUTNAM FUNDS TRUST ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

[June 15, 2006]

JUSTICE SOUTER delivered the opinion of the Court.

Title 28 U. S. C. §1447(d) limits appellate review of a district court order remanding a case from federal to state court. The question here is whether an order remanding a case removed under the Securities Litigation Uniform Standards Act of 1998 is appealable, notwithstanding §1447(d). We hold it is not.

I

The Private Securities Litigation Reform Act of 1995 (Reform Act), 109 Stat. 737, targeted "perceived abuses of the class-action vehicle in litigation involving nationally traded securities," *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Dabit,* 547 U. S. \_\_\_, \_\_\_ (2006) (slip op., at 8), and put limits on federal securities class actions. But Congress soon discovered that "[r]ather than face the obstacles set in their path by the Reform Act, plaintiffs and their representatives [were] bringing class actions under state law, often in state court," *id.,* at \_\_\_ (slip op., at 9). To block this bypass of the Reform Act, Congress enacted the Securities Litigation Uniform Standards Act of 1998 (Act), 112 Stat. 3227; see *Dabit, supra,* at \_\_\_ (slip op., at 8–10).

Opinion of the Court

The Act has a preclusion provision[1] and a removal pro-
vision[2]: it provides that private state-law "covered" class
actions alleging untruth or manipulation in connection
with the purchase or sale of a "covered" security may not
"be maintained in any State or Federal court," 112 Stat.
3228 (codified at 15 U. S. C. §77p(b)),[3] and it authorizes
removal to federal district court of "[a]ny covered class
action brought in any State court involving a covered
security, as set forth in subsection (b)," 112 Stat. 3228
(codified at §77p(c)). "A 'covered class action' is a lawsuit
in which damages are sought on behalf of more than 50
people. A 'covered security' is one traded nationally and
listed on a regulated national exchange." *Dabit, supra,* at

——————

[1] "No covered class action based upon the statutory or common law of
any State or subdivision thereof may be maintained in any State or
Federal court by any private party alleging—

"(1) an untrue statement or omission of a material fact in connection
with the purchase or sale of a covered security; or

"(2) that the defendant used or employed any manipulative or decep-
tive device or contrivance in connection with the purchase or sale of a
covered security." 112 Stat. 3228 (codified at 15 U. S. C. §77p(b)).

The preclusion provision is often called a preemption provision; the
Act, however, does not itself displace state law with federal law but
makes some state-law claims nonactionable through the class action
device in federal as well as state court. See *Merrill Lynch, Pierce,
Fenner & Smith Inc.* v. *Dabit,* 547 U. S. ___, ___ (2006) (slip op., at 15)
("The Act does not deny any individual plaintiff, or indeed any group of
fewer than 50 plaintiffs, the right to enforce any state-law cause of
action that may exist").

[2] "Any covered class action brought in any State court involving a
covered security, as set forth in subsection (b) of this section, shall be
removable to the Federal district court for the district in which the
action is pending, and shall be subject to subsection (b) of this section."
112 Stat. 3228 (codified at 15 U. S. C. §77p(c)).

[3] The Act amends "in substantially identical ways," *Dabit, supra,* at
___, n. 6 (slip op., at 10, n. 6), both the Securities Act of 1933, 48 Stat.
74, and the Securities Exchange Act of 1934, 48 Stat. 881. For the sake
of simplicity, the Seventh Circuit relied exclusively on the amendments
to the Securities Act of 1933, and for ease of reference we will do the
same.

\_\_\_ (slip op., at 10–11) (footnotes omitted).

Petitioners are eight groups of investors holding mutual fund shares, who filed separate actions in Illinois state courts, each group seeking to represent a class of investors allegedly injured by devaluation of their holdings by respondents (mutual funds, investment advisors, and an insurance company) (hereinafter collectively the funds).[4] The eight complaints asserted only state-law claims, such as negligence and breach of fiduciary duty.

The funds filed notices of removal to federal district court in each case stating, among other things, that the actions were removable under and precluded by the Act. Once in the District Court, however, the investors argued that the cases should be remanded for lack of subject matter jurisdiction, and in separate orders the District Court for the Southern District of Illinois remanded each case to state court on the ground that the District Court lacked subject matter jurisdiction on removal because the Act did not preclude the investors' claims. Since the investors were said to have been injured as "holders" of mutual fund shares, not purchasers or sellers, the District Court reasoned, their claims did not satisfy the "in connection with the purchase or sale" requirement of the Act's preclusion provision, §77p(b),[5] and the claims could therefore proceed in state court. The District Court did not decide whether the claims otherwise met the Act's conditions for preclusion.

_____

[4] The investors claim that the funds facilitated the practice of "market timing," whereby traders of mutual fund shares exploit brief discrepancies between the stock prices used to calculate the shares' value once a day, and the prices at which those stocks are actually trading in the interim. Brief for Petitioners 6. The investors say that market timing is harmful to long-term holders of mutual fund shares and that the funds negligently or recklessly failed to adopt procedures to protect the value of the investors' long-term investments.

[5] As discussed in Part III, *infra,* we have since rejected this reasoning, see *Dabit, supra,* at \_\_\_ (slip op., at 16).

The funds filed notices of appeal from the remand or-
ders, and in one of the cases, *Kircher* v. *Putnam Funds
Trust,* the Seventh Circuit issued an opinion addressing
the threshold question of its appellate jurisdiction. 373
F. 3d 847 (2004). The Court of Appeals acknowledged that
28 U. S. C. §1447(d) bars review of district court orders
remanding for lack of subject matter jurisdiction, 373
F. 3d, at 849 (citing *Gravitt* v. *Southwestern Bell Tele-
phone Co.,* 430 U. S. 723 (1977) *(per curiam)*), but decided
that the District Court had the last word neither on the
characterization of its decision as jurisdictional nor on the
correctness of its conclusion that remand was required,
see 373 F. 3d, at 849.

The Court of Appeals considered all covered class ac-
tions involving covered securities, whether precluded or
not, to be removable under the Act, and for that reason
thought the preclusion issue to be distinct from the juris-
dictional issue of whether the case belonged in federal
court at all. *Id.,* at 849–850. In the view of the Court of
Appeals, if the District Court remanded because, for ex-
ample, the class comprised too few investors to make the
case a covered class action, that would be a jurisdictional
decision that the case had been removed improperly, and
the order would therefore be unreviewable in accordance
with §1447(d). *Id.,* at 849. But the court held that orders
remanding "properly removed" suits as not precluded by
the Act are substantive, "unaffected by §1447(d)," *id.,* at 851,
and therefore subject to appellate jurisdiction in the normal
course.

As the Court of Appeals put it, once the District Court
had made that substantive decision of no preclusion in
this case, it was time for the court to bow out, not because
it had lacked "adjudicatory competence" to begin with but
because it had completed its work: "Once a court does all
that the statute authorizes, there is no adjudicatory com-
petence to do more. That is not the 'lack of subject-matter

jurisdiction' that authorizes a remand. Otherwise every federal suit, having been decided on the merits, would be dismissed 'for lack of jurisdiction' because the court's job was finished." *Id.,* at 850. This remand, the court concluded, was therefore not for want of jurisdiction, and review was not barred by §1447(d).

To satisfy itself that its decision made "practical sense," the court proposed that the Act reserves to the Federal Judiciary the exclusive authority to make the preclusion decision. *Ibid.* Treating remand orders in this context as immunized from appeal by §1447(d) would thus mean that "a major substantive issue in the case [would] escape review," since it would not be open to resolution in the state court subject to review by this Court. *Ibid.*

The Seventh Circuit subsequently consolidated the funds' appeals and decided, on the merits, that the Act does preclude the investors' claims. 403 F. 3d 478 (2005). We granted certiorari to resolve a split of authority on the question whether §1447(d) bars review of remand orders in cases removed under the Act,[6] 546 U. S. ___ (2006), and we now vacate for want of jurisdiction on the part of the Court of Appeals.

## II

The policy of Congress opposes "interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed," *United States* v. *Rice,* 327 U. S. 742, 751 (1946), and nearly three years of jurisdictional advocacy in the cases before us confirm the congressional wisdom. For over a century now, statutes have accordingly limited the power of federal appellate courts to

────────────

[6] Compare 373 F. 3d 847 (CA7 2004) (case below), with *Spielman* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 332 F. 3d 116 (CA2 2003); *Abada* v. *Charles Schwab & Co.,* 300 F. 3d 1112 (CA9 2002); *Williams* v. *AFC Enterprises, Inc.,* 389 F. 3d 1185 (CA11 2004).

review orders remanding cases removed by defendants from state to federal court, see *id.,* at 748–752; *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336, 346–348 (1976). The current incarnation is 28 U. S. C. §1447(d), which provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[7] In *Thermtron,* we held that the bar of §1447(d) applies only to remands based on the grounds specified in §1447(c), that is, a defect in removal procedure or lack of subject matter jurisdiction. 423 U. S., at 343–345; see also *Things Remembered, Inc.* v. *Petrarca,* 516 U. S. 124, 127–128 (1995). So, we have approved appellate review of a remand expressly based on the District Court's crowded docket, see *Thermtron, supra,* at 340–341, and one based on abstention under *Burford* v. *Sun Oil Co.,* 319 U. S. 315 (1943), see *Quackenbush* v. *Allstate Ins. Co.,* 517 U. S. 706, 710–712 (1996). But we have relentlessly repeated that "any remand order issued on the grounds specified in §1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court." *Thermtron,* 423 U. S., at 351; see also *id.,* at 343 ("If a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court of appeals" (quoting §1447(c) (1976 ed.))).

The bar of §1447(d) applies equally to cases removed under the general removal statute, §1441, and to those removed under other provisions, see *Things Remembered, Inc., supra,* at 128, and the force of the bar is not subject to any statutory exception that might cover this case.[8] Osten-

––––––––––

[7] Title 28 §1447(d) specifically excepts certain civil rights actions from its bar; cf. §1443.

[8] "Absent a clear statutory command to the contrary, we assume that Congress is aware of the universality of th[e] practice of denying appellate review of remand orders when Congress creates a new ground

sibly, then, §1447(d) stands in the way of reviewing the District Court's orders of remand in the present cases. The District Court said that it was remanding for lack of jurisdiction, an unreviewable ground, and even if it is permissible to look beyond the court's own label, the orders are unmistakably premised on the view that removal jurisdiction under 15 U. S. C. §77p(c) is limited to cases precluded by §77p(b); on the District Court's understanding that "holder" claims are not subject to preclusion under §77p(b) of the Act, the court had no subject matter jurisdiction.[9] Since there was no indication that removal jurisdiction might exist on some ground other than §77p(c) (complete diversity, for example),[10] the remand orders were necessarily based on the trial court's conclusion that jurisdiction under §77p(c) was wanting. And "[w]here the order is based on one of the [grounds enumerated in 28 U. S. C. §1447(c)], review is unavailable no matter how plain the legal error in ordering the remand," *Briscoe* v. *Bell,* 432

––––––––––

for removal," *Things Remembered,* 516 U. S., at 128 (internal quotation marks omitted), like 15 U. S. C. §77p(c). Congress has, when it wished, expressly made 28 U. S. C. §1447(d) inapplicable to particular remand orders. See, *e.g.,* §1447(d); 12 U. S. C. §1441a(l)(3)(C); §1819(b)(2)(C); 25 U. S. C. §487(d); cf. n. 6, *supra.* There is no such "clear statutory command" here, and that silence tells us we must look to 28 U. S. C. §1447(d) to determine the reviewability of remand orders under the Act.

[9]We take a pass on Justice Scalia's position that we may not look beyond the label, see *post*, at 3; the result here is the same whether we look near or far.

[10]These cases raise exclusively state-law claims seeking damages insufficient to satisfy the amount-in-controversy requirement of 28 U. S. C. §1332; in those instances in which the funds asserted diversity as a basis for subject matter jurisdiction, the District Court determined that no named plaintiff had a claim that met §1332's $75,000 threshold. See, *e.g., Parthasarthy* v. *T. Rowe Price International Funds, Inc.,* No. 03–CV–0673–DRH (SD Ill., Jan. 30, 2004), App. to Pet. for Cert. 34a–37a; *Spurgeon* v. *Pacific Life Ins. Co.,* No. 04–CV–0355–MJR (SD Ill., June 24, 2004), App. to Pet. for Cert. 59a–60a.

U. S. 404, 413 –414, n.13 (1977).

The Court of Appeals did not, of course, overlook the cases holding that even a remand premised on an erroneous conclusion of no jurisdiction is unappealable; it relied instead on cases like *Kontrick* v. *Ryan,* 540 U. S. 443 (2004), and *Scarborough* v. *Principi,* 541 U. S. 401 (2004), which observed that some rulings loosely called jurisdictional are patently not jurisdictional in the strict sense, see 373 F. 3d, at 849 (citing *Kontrick, supra*; *Scarborough, supra*).   The appeals court saw this as such a case; it understood that a district court had removal jurisdiction over any covered action under subsection (c), with the consequence that a subsequent order dismissing because of preclusion under subsection (b), or remanding because the action was not precluded, rested simply on an application of substantive law under subsection (b), law that was not jurisdictional at all.

We think, however, that the District Court was correct in understanding its remand order to be dictated by its finding that it lacked removal jurisdiction.   Unlike the Court of Appeals, we read authorization for the removal in subsection (c), on which the District Court's jurisdiction depends, as confined to cases "set forth in subsection (b)," §77p(c), namely, those with claims of untruth, manipulation, and so on.   The quoted phrase immediately follows the subsection (c) language describing removable cases as covered class actions involving covered securities, and the language has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception.   And legislative history tends to show that this was just what Congress understood.   See S. Rep. No. 105–182, p. 8 (1998) (§77p(c) "provides that any class action described in Subsection (b) that is brought in a State court shall be removable to Federal district court, and may be dismissed pursuant to the provisions of sub-

section (b)"); H. R. Rep. No. 105–640, p. 16 (1998) (same).[11]

The funds argue that removal jurisdiction is broader by emphasizing the adjective that introduces subsection (c): "Any" covered action. §77p(c). But that suggestion would be persuasive only if we stopped reading right there, and we do not stop there; we do not read statutes in little bites. And, as just noted, if we did read the removal power that broadly there would be no point to the phrase "as set forth in subsection (b)," for subsection (b) cases would be removable anyway as a subset of covered class actions. *Ibid.* The funds purport to counter this objection with their argument that on our reading the last phrase of subsection (c) is redundant in providing that removed cases "shall be subject to subsection (b)," since subsection (b) cases would in any event be so subject. *Ibid.* The funds are in fact right about that redundancy, but the point does not count for their side, because the phrase is redundant on their reading, too: any subsection (b) case removed as falling within the broad category of covered class actions would be treated in accordance with subsection (b) if the subsection applied to that case. In sum, we see no reason to reject the straightforward reading: removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b).

Once removal jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b), a motion to remand claiming the action is not precluded must be seen as posing a jurisdictional issue. If the action is precluded, neither the District Court nor the state court may entertain it, and the proper course

———————

[11] Like the Court of Appeals here, we said in *Dabit* that a "key provision of the [Act] makes all 'covered class actions' filed in state court removable." 547 U. S, at ___, n. 7 (slip op., at 10, n. 7) (quoting 112 Stat. 3230). We sketched the removal provision in broad strokes then because the question of its scope was not before us. Now that it is, we speak more cautiously.

is to dismiss. If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it. In either event, as the Court of Appeals said, the district court's order comes because its adjudicatory power has been exercised and its work is done. But its adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case, see *United States* v. *Shipp,* 203 U. S. 563, 573 (1906) (opinion for the Court by Holmes, J.) (A federal court "necessarily ha[s] jurisdiction to decide whether the case [is] properly before it"). The work done is jurisdictional,[12]

_____

[12]The funds argue 15 U. S. C. §77p confers jurisdiction greater than that necessary to render the preclusion decision, analogizing §77p(c) to the federal officer removal statute, 28 U. S. C. §1442(a). If there is any colorable claim that an action is precluded, the argument goes, the district court can keep the case for adjudication, even after concluding on the merits that the state-law claims are not precluded; but because it has discretion to keep the case or remand to state court, a remand is not jurisdictional and hence is reviewable. The argument is flawed for two reasons. The District Court here did not indicate it thought there was any basis to keep the case for further development; right or wrong, it understood that it was making a jurisdictional ruling. Nor is the analogy with federal officer cases sound.

Section 1442(a) is an exception to the "well-pleaded complaint" rule, under which (absent diversity) "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.,* 463 U. S. 1, 10 (1983) (emphasis deleted). The federal officer removal statute allows "suits against federal officers [to] be removed despite the nonfederal cast of the complaint," *Jefferson County* v. *Acker,* 527 U. S. 423, 431 (1999), and reflects a congressional policy that "federal officers, and indeed the Federal Government itself, require the protection of a federal forum," *Willingham* v. *Morgan,* 395 U. S. 402, 407 (1969). An officer's federal defense need be only colorable to assure the federal court that it has jurisdiction to adjudicate the case, see *Acker, supra,* at 431.

The funds assert that a preclusion defense need be only colorable as well, but the Act is different. It avails a defendant of a federal forum in contemplation not of further litigation over the merits of a claim brought

as is the conclusion reached and the order implementing it.[13]

_____

in state court, but of termination of the proceedings altogether, and a merely colorable claim of preclusion does not satisfy a district court that it may dismiss a case as precluded by the Act. There is no room for such a case to exist in a limbo of colorable preclusion; if a claim is precluded, it "may [not] be maintained," 15 U. S. C. §77p(b), and if the claim is not, the federal courts no longer have any business being involved, as there is no longer any federal question on which to moor the district court's jurisdiction. Nor has Congress expressed in the Act, as it did with 28 U. S. C. §1442(a), any policy of having particular suits tried in a federal court; there is no indication whatsoever in the Act that, apart from its purpose to preclude certain vexing state-law class actions, Congress intended to add other state-law cases to the federal dockets, and there is no apparent federal interest in spending time on such cases akin to the interest in adjudicating suits against federal officers.

[13] The funds suggest, in the alternative, that appellate jurisdiction in this case was proper under *Waco* v. *United States Fidelity & Guaranty Co.,* 293 U. S. 140 (1934). Without passing on the continued vitality of that case in light of §1447(d), we note that on its own terms it is distinguishable.

In *Waco,* a case was removed to federal court on an invocation of diversity jurisdiction, *id.,* at 141, and the District Court thereafter "entered a single decree embodying . . . separate orders." *Id.,* at 142. In one order, the District Court dismissed a cross-complaint against one party. In another, the District Court concluded that because of the dismissal there was no diversity of citizenship and it thus lacked jurisdiction, and so it remanded the case to state court. An appeal was taken from the order of dismissal. This Court determined that the appeal would lie, because "the decree of dismissal preceded that of remand," and because the District Court's order of dismissal was conclusive upon the parties. *Id.,* at 143. We noted that a "reversal [of the dismissal] cannot affect the order of remand, but it will at least, if the dismissal . . . was erroneous, remit the entire controversy, with the [previously dismissed party] still a party, to the state court for . . . further proceedings." *Id.,* at 143–144.

The order appealed in *Waco* was not a remand order; the order here is, and thus falls within §1447(d)'s bar on appeals of "[a]n order remanding a case" to state court. Moreover, the funds do not explain how to reconcile their argument with *Waco*'s acknowledgement that the order of remand "cannot [be] affect[ed]" notwithstanding any reversal of a separate order, *id.,* at 143. The District Court's remand order here

### III

We have yet to deal with one objection to our application of §1447(d), which if well-taken would be a serious one. The Seventh Circuit's reading of subsection (c) so as to treat the application of the preclusion rule as nonjurisdictional was in part motivated by its assumption that the Act gives federal courts exclusive jurisdiction to decide the preclusion issue. If that is so, and §1447(d) applies, a remand order based on a finding that an action is not precluded would arguably be immune from review. This is what the funds in effect contend here when they say that a district court's finding of no subsection (b) preclusion would collaterally estop the state court on remand; the district court would have the last word. And of course the funds' discomfort is made acute by our recent decision in *Dabit*, which expressly disavows the district court's limited view of the scope of subsection (b) preclusion.

But a district court does not have the last word on preclusion under the Act, for nothing in the Act gives the federal courts exclusive jurisdiction over preclusion decisions. A covered action is removable if it is precluded, and a defendant can enlist the Federal Judiciary to decide preclusion, but a defendant can elect to leave a case where the plaintiff filed it and trust the state court (an equally competent body, see *Missouri Pacific R. Co.* v. *Fitzgerald,* 160 U. S. 556, 583 (1896)) to make the preclusion determination.

And what a state court could do in the first place it may also do on remand; in this case, the funds can presently argue the significance of *Dabit* and ask for dismissal on grounds of preclusion when they return to the state court.

---

cannot be disaggregated as the *Waco* orders could, and if the Seventh Circuit's preclusion decision stands, there is nothing to remand to state court.

Collateral estoppel should be no bar to such a revisitation of the preclusion issue,[14] given that §1447(d) prevents the funds from appealing the District Court's decision. See *Standefer* v. *United States,* 447 U. S. 10, 23 (1980) ("[C]ontemporary principles of collateral estoppel . . . strongly militat[e] against giving an [unreviewable judgment] preclusive effect" (citing Restatement (Second) of Judgments §68.1 (Tent. Draft No. 3, 1976)); see also Restatement (Second) of Judgments §28(1) (1980) ("Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded [when t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action"). While the state court cannot review the decision to remand in an appellate way, it is perfectly free to reject the remanding court's reasoning, as we explained over a century ago in *Missouri Pacific Railway*: "[A]s to applications for removal on the ground that the cause arose under the Constitution, laws, or treaties of the United States," the finality accorded remand orders is appropriate because questions of this character "if decided against the claimant" in state court are "open to revision . . ., irrespective of the ruling of the [federal court] in that regard in the matter of removal." 160 U. S., at 583. Nor is there any reason to see things differently just because the remand's basis coincides entirely with the merits of the federal question; it is only the forum designation that is conclusive. Here, we have no reason to doubt that the state court will duly apply *Dabit*'s holding that holder

––––––––––

[14] Modern usage calls for the descriptive term, "issue preclusion," in place of "collateral estoppel." But we are backsliders out of pity for the tired reader; "preclusion" by statutory fiat is enough preclusion for one opinion.

claims are embraced by subsection (b),[15] but any claim of
error on that point can be considered on review by this
Court. See *Franchise Tax Bd. of Cal.* v. *Construction La-
borers Vacation Trust for Southern Cal.,* 463 U. S. 1, 12, n.
12 (1983) ("If the state courts reject a claim of federal pre-
emption, that decision may ultimately be reviewed on
appeal by this Court" (citing *Fidelity Fed. Sav. & Loan
Assn.* v. *De la Cuesta,* 458 U. S. 141 (1982))).

## IV

We hold that the Act does not exempt remand orders
from 28 U. S. C. §1447(d) and its general rule of nonap-
pealability. We therefore vacate the judgment of the
Court of Appeals and remand the case with instructions to
dismiss the appeal for lack of jurisdiction.

*It is so ordered.*

---

[15] The parties further dispute whether the investors' claims satisfy the
other 15 U. S. C. §77p(b) preclusion prerequisites, particularly the allega-
tion of fraud; the investors take issue with the Seventh Circuit's charac-
terization of their claims as charging fraud or manipulation, not mis-
management. Because the Court of Appeals lacked appellate
jurisdiction, its reading of the investors' litigation position is not
binding in future proceedings and is open to consideration on remand.

# SUPREME COURT OF THE UNITED STATES

No. 05–409

CARL KIRCHER, ET AL., PETITIONERS *v.* PUTNAM
FUNDS TRUST ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SEVENTH CIRCUIT

[June 15, 2006]

JUSTICE SCALIA, concurring in part and concurring in
the judgment.

I join the judgment of the Court, and Parts I, III, and IV
of the Court's opinion; I do not join Part II for the reasons
set forth below.

The District Court ordered these cases remanded to
state court for want of jurisdiction. We know this because
the orders say so: "Because the Court lacks subject matter
jurisdiction, the Court **REMANDS** this action to the
Madison County, Illinois Circuit Court." App. to Pet. for
Cert. 27a; see also *id.*, at 30a, 40a, 46a, 51a, 57a, 64a.
Even if those decisions were incorrect, the Court of Ap-
peals lacked jurisdiction to review them because 28
U. S. C. §1447(d) bars appellate review of remand orders
based on lack of subject-matter jurisdiction. See, *e.g.*,
*Things Remembered, Inc.* v. *Petrarca,* 516 U. S. 124, 127–
128 (1995). The Court correctly concludes that the Sev-
enth Circuit's review of the remand orders overstepped its
appellate authority. I disagree with the Court's reasoning
in Part II, however, because it holds only that the Court of
Appeals' recharacterization was incorrect, and not (as I
believe) that recharacterization—being a form of review—
is categorically forbidden.

The Court of Appeals rejected the District Court's de-
scription of its orders because it believed the District

Court had been too loose in its use of the term "jurisdiction." 373 F. 3d 847, 849–850 (2004). What the District Court *actually* did, the Court of Appeals concluded, was to remand on nonjurisdictional grounds (*not* subject to the appellate-review bar of §1447(d)) after deciding that petitioners' suits were not precluded. Such recharacterization seems to me flatly inconsistent with §1447(d). Under that section, an "order remanding a case to the State court from which it was removed *is not reviewable* on appeal or otherwise." *Ibid.* (emphasis added). But appellate review is exactly what is involved in looking behind the face of an order to determine its *true* basis: In order to reject a district court's own characterization, a court of appeals must decide, as the Seventh Circuit did here, that the district court was wrong. We have therefore held, in language that makes plain the correct outcome here, that "[i]f a trial judge *purports* to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court of appeal, by mandamus, or otherwise." *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336, 343 (1976) (quoting §1447(c) (1970 ed.); emphasis added). Whether the District Court was right or wrong—even if it was so badly mistaken that it misunderstood the true basis for its orders—it *purported* to remand for lack of jurisdiction, and §1447(d) bars any further review.*

Review of the sort engaged in by the Court of Appeals threatens to defeat the purpose of §1447(d). As we recognized in *Thermtron Products*, the appellate-review bar was enacted "to prevent delay in the trial of remanded cases by

————————

  *To say that we cannot recharacterize the District Court's remand for lack of jurisdiction is not to say that the basis for the remand is forever insulated from review. Part III of the Court's opinion makes clear that the underlying legal issue of preclusion remains open in state court, and need not be resolved in accordance with the (unreviewable) views of the District Court.

protracted litigation of jurisdictional issues." *Id.*, at 351. Such delay can be created just as easily by asking whether the district court correctly characterized the basis for its order as it can by asking whether that basis was correct—which even the Court of Appeals recognized was beyond its jurisdiction, 373 F. 3d, at 849. See also *Thermtron Products*, *supra*, at 343 (noting that §1447(d) "prohibits review of all remand orders [based on lack of subject-matter jurisdiction] whether erroneous or not"). The remand orders in these cases date back to early 2004; over two years later, federal courts are still engaged in appellate review.

The Court should end this delay by holding that appellate courts cannot look behind the stated basis for the district court's remand order. Instead, it concludes that "the District Court *was correct* in understanding its remand order to be dictated by a finding that it lacked removal jurisdiction." *Ante*, at 8 (emphasis added). It seems to me no more within our authority to declare the District Court's views correct than it was within the Court of Appeals' authority to reject them. Either decision is an exercise of appellate review barred by the plain terms of §1447(d).