**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1547

ROBERT BROCKWAY, individually and on behalf of all others
similarly situated,

Plaintiff - Appellant,

and

CARL KIRCHER, individually and on behalf of all others
similarly situated,

Plaintiff,

v.

EVERGREEN INTERNATIONAL TRUST, a business trust; EVERGREEN
INVESTMENT MANAGEMENT  COMPANY, LLC,

Defendants – Appellees,

and

PUTNAM FUNDS TRUST, a business trust; PUTNAM INVESTMENT
MANAGEMENT, LLC,

Defendants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge. (1:10-cv-01887-JFM; 1:04-md-15863-JFM)

Argued: September 20, 2012          Decided: November 9, 2012

Before SHEDD and DUNCAN, Circuit Judges, and Timothy M. CAIN, United States District Judge for the District of South Carolina sitting by designation.

---

Affirmed by unpublished opinion. Judge Cain wrote the opinion, in which Judge Shedd and Judge Duncan joined.

---

**ARGUED:** Klint Bruno, KOREIN TILLERY LLC, Chicago, Illinois, for Appellant. Nicholas George Terris, K&L GATES, LLP, Washington, D.C., for Appellees. **ON BRIEF:** Robert L. King, KOREIN TILLERY LLC, St. Louis, Missouri, for Appellant. Jeffrey B. Maletta, Amy J. Eldridge, K&L GATES, LLP, Washington, D.C., for Appellee Evergreen Investment Management Company, LLC; Laura Steinberg, SULLIVAN & WORCESTER LLP, Boston, Massachusetts, for Appellee Evergreen International Trust.

---

Unpublished opinions are not binding precedent in this circuit.

2

CAIN, District Judge:

Plaintiff-Appellant Robert Brockway ("Appellant") appeals the district court's order administratively closing and terminating with prejudice this action. For the reasons below, we affirm the district court's order.

I.

As the district court aptly stated, "The procedural history of this case, which has been pending for over seven years, is a long and tortured one." In September 2003, Appellant and former co-Plaintiff Carl Kircher filed this action in Illinois state court against former defendants Putnam Funds Trust and Putnam Investment Management, LLC, ("Putnam Defendants") and Defendants-Appellees Evergreen International Trust and Evergreen Investment Management Company, LLC ("Evergreen Defendants"), a mutual fund and the fund's investment adviser, for their failure to prevent other investors from engaging in a short-term trading strategy known as "market timing."[1]

> Market timing is a trading strategy that exploits time delay in mutual funds' daily valuation system. The price for buying or selling shares of a mutual fund is ordinarily determined by the next net asset value

---

[1] Kircher brought claims only against the Putnam Defendants and Appellant brought claims against only the Evergreen Defendants. The Putnam Defendants and Evergreen Defendants are collectively referred to as "Defendants" in the procedural history of this case.

3

(NAV) calculation after the order is placed. The NAV calculation usually happens once a day, at the close of the major U.S. markets. Because of certain time delays, however, the values used in these calculations do not always accurately reflect the true value of the underlying assets. For example, a fund may value its foreign securities based on the price at the close of the foreign market, which may have occurred several hours before the calculation. But events might have taken place after the close of the foreign market that could be expected to affect their price. If the event were expected to increase the price of the foreign securities, a market-timing investor could buy shares of a mutual fund at the artificially low NAV and sell the next day when the NAV corrects itself upward.

Janus Capital Group, Inc. v. First Derivative Traders, 131 S.Ct. 2296, 2300 n.1 (2011).

Defendants timely removed the case to federal court on the ground that the Securities Litigation Uniform Standards Act ("SLUSA") precluded the claims alleged in the complaint, but the district court remanded the action to state court.[2] Defendants appealed and the Seventh Circuit Court of Appeals reversed the remand order. Kircher v. Putnam Funds Trust, 403 F.3d 478 (7th Cir. 2005). The Supreme Court granted certiorari, and in June 2006, vacated the Seventh Circuit's decision, holding that the appellate court lacked jurisdiction over the appeal, and

---

[2] The SLUSA preclusion provision, codified at 15 U.S.C. § 78bb(f)(1)(A), states: "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(A).

4

remanded with instructions to dismiss the appeal. Kircher v. Putnam Funds Trust, 547 U.S. 633 (2006). On October 16, 2006, the Seventh Circuit dismissed the appeal and remanded the case back to state court. In re Mut. Fund Market-Timing Litigation, 468 F.3d 439 (7th Cir. 2006).

On November 14, 2006, Defendants removed the case for a second time under the same SLUSA provision. While the mandate by the Seventh Circuit Court of Appeals was issued on November 14, 2006, an order remanding the case to state court was not filed until November 30, 2006. Therefore, on December 6, 2006, "to ensure that there is no doubt" that this action was removed, Defendants filed a third notice of removal, asserting the same removal grounds as the one filed on November 14, 2006. Defendants argued that the Supreme Court's decision in Merrill Lynch, Pierce, Fenner, & Smith, Inc., v. Dabit, 574 U.S. 71 (2006), had changed the law, making removal permissible. In July 2007, the district court disagreed and found the removal untimely and remanded the case to state court. Kircher v. Putnam Funds Trust, Nos. 06-cv-939 and 06-cv-1001 (S.D. Ill. July 17, 2007).

Defendants then moved for judgment on the pleadings on the ground that SLUSA precluded Appellant's claims. On December 20, 2007, the state court denied this motion and Defendants appealed. On January 6, 2010, the Illinois Court of Appeals

5

reversed, finding that SLUSA precluded Appellant's claims, and directing the state circuit court to dismiss the action. <u>Kircher v. Putnam Funds Trust</u>, 922 N.E.2d 1164 (Ill. App. Ct. 2010). The appellate court issued the mandate on March 30, 2010, and on April 5, 2010, the state circuit court dismissed the action with prejudice.

On April 15, 2010, Appellant moved to modify the order to provide that the dismissal was without prejudice and also requested leave to file an amended complaint. On April 29, 2010, prior to the state circuit court ruling on these motions, Defendants removed the action to the United States District Court for the Southern District of Illinois pursuant to 42 U.S.C. § 1446.[3] On May 17, 2010, Appellant filed a motion to remand on the ground that the removal was untimely.

On July 14, 2010, before the district court ruled on the remand motion, the Judicial Panel on Multidistrict Litigation transferred the case to the United States District Court for the

---

[3] Section 1446(c) provides that

if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446.

District of Maryland. On November 15, 2010, the district court approved a class settlement which settled Kircher's claims against the Putnam Defendants. Evergreen Defendants then filed a motion to administratively close the case. Appellant opposed the motion on the ground that it was premature because his motions to remand the case to state court, to modify the state court's dismissal order, and for leave to file an amended complaint were still pending.

On April 20, 2011, the district court denied Appellant's motions to remand to state court and for leave to file an amended complaint and then granted Evergreen Defendants' motion to administratively close and terminate with prejudice the case. In regard to the remand, the district court found that the removal was timely, based upon Defendants' removal of the action within thirty days of the mandate being issued. Further, the district court found that Appellant had waived his right to seek remand by participating in the multidistrict litigation. Finally, the district court denied Appellant's motion to file an amended complaint, finding it futile.

## II.

On appeal, Appellant contends that the district court erred in denying his motion to remand to state court. Specifically, Appellant contends that the district court erred in finding the

removal timely and that he had waived his right to seek a remand.

## III.

### A.

We review de novo the denial of a motion to remand to state court. <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc). Furthermore, we may affirm on any grounds apparent on the record. <u>United States v. Smith</u>, 395 F.3d 516, 519 (4th Cir. 2005).

### B.

While Appellant contends that the removal was untimely, in this case, we need not decide whether the removal was improper. "[E]ven if remand would have been proper, once an improperly removed case has proceeded to final judgment in federal court that judgment should not be disturbed so long as the federal court had jurisdiction over the claim at the time it rendered its decision." <u>Aqualon Co. v. Mac Equip. Inc.</u>, 149 F.3d 262, 264 (4th Cir. 1998); <u>see</u> <u>also</u> <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 77 (1996) ("To wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.").

Here, while Appellant specifically acknowledges that SLUSA bars the original complaint in state court, he contends that the original complaint was no longer operative based upon the state court's order of dismissal and, therefore, the district court lacked subject matter jurisdiction.[4] Although the state court had dismissed the case prior to removal, the state court still had the authority to modify, amend, or vacate the dismissal order and, in fact, prior to removal, Appellant had filed motions to modify the dismissal order and amend the original complaint. At the time of removal, therefore, the original complaint remained the operative complaint and the case was removable based upon Appellant's claims set forth in the original complaint, which were precluded by SLUSA.[5] Further, because the district court possessed subject matter jurisdiction pursuant to SLUSA at the

---

[4] Appellant did not cite to any authority to support this proposition.

[5] SLUSA precludes class action claims based upon state law in any state or federal court by any private party alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(A). In *Dabit*, the Supreme Court held that SLUSA's operative language must be read broadly and includes not only purchasers and sellers of securities, but also holders of securities. 547 U.S. at 85. Accordingly, under *Dabit*, the market timing claims of Appellant, who is a holder of securities, are included in those class actions claims precluded by SLUSA. Moreover, as noted above, Appellant does not contest that the claims he raises in the operative complaint are precluded by SLUSA. (Appellee's Reply Br. at 1).

time final judgment was entered, we will not disturb the district court's order denying Appellant's motion to remand. Aqualon, 149 F.3d 262.[6]

IV.

For the foregoing reasons, the district court's order is

AFFIRMED.

---

[6] In light of the disposition of this case, we deny Appellees' motion to file a supplemental brief.