# United States Court of Appeals for the Federal Circuit

---

**STATE OF VERMONT,**
*Plaintiff-Appellee,*

**v.**

**MPHJ TECHNOLOGY INVESTMENTS, LLC,**
*Defendant-Appellant.*

---

2014-1481

---

Appeal from the United States District Court for the District of Vermont in No. 2:13-cv-00170-wks, Judge William K. Sessions III.

--------------------------------------------------------------------------

**IN RE MPHJ TECHNOLOGY INVESTMENTS, LLC,**
*Petitioner.*

---

2014-137

---

On Petition for Writ of Mandamus to the United States District Court for the District of Vermont in No. 2:13-cv-00170-wks, Judge William K. Sessions III.

---

**ON MOTION**

---

Before PROST, *Chief Judge*, NEWMAN and HUGHES, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

## **O R D E R**

MPHJ Technology Investments, LLC ("MPHJ") petitions this court for a writ of mandamus, and also appeals from an order of the United States District Court for the District of Vermont remanding this case to state court. Because we lack jurisdiction to grant the requested relief, we dismiss the petition and appeal.

### BACKGROUND

MPHJ owns several patents relating to network scanner systems. MPHJ through subsidiary licensees wrote to various business and non-profit organizations operating in Vermont, requesting the recipient to confirm it was not infringing MPHJ's patents or, alternatively, to purchase a license. If the offeror did not receive a response, a Texas law firm sent follow-up correspondence stating that an infringement suit would be filed.

On May 8, 2013, the State of Vermont through the Vermont Attorney General, filed suit against MPHJ in Vermont state court. The State alleged MPHJ engaged in unfair and deceptive trade practices under the Vermont Consumer Protection Act, stating that the letters contained threatening, false, and misleading statements. The State filed this case seeking civil penalties and other relief under state law.

MPHJ removed the case to the United States District Court for the District of Vermont on June 7, 2013, asserting federal question jurisdiction and diversity jurisdiction. The State moved to remand the case back to state court for lack of subject matter jurisdiction. MPHJ opposed the State's motion to remand, and filed a motion to dismiss for lack of personal jurisdiction and a motion for sanctions

under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. The sanctions motion also requested dismissal, asserting that the State's complaint was frivolous, that the complaint failed to plead that the alleged conduct was both objectively and subjectively baseless, and also that the complaint was preempted by MPHJ's right to enforce its patents.

After a motions hearing on February 25, 2014, the State—in response to concerns raised by the district court at the motions hearing—filed a conditional motion to clarify or amend its complaint, to eliminate the request for a permanent injunction requiring MPHJ to stop threatening Vermont businesses with patent infringement. MPHJ subsequently moved for summary judgment.

Without deciding any other motions, the district court granted the State's motion to remand. The district court stated that the complaint did not raise a substantial question of patent law, and that "the State is targeting bad faith conduct irrespective of whether the letter recipients were patent infringers" or the patents were invalid. *State of Vermont v. MPHJ Tech. Invs., LLC*, No. 13-cv-00170, slip op. at 14 (D. Vt. Apr. 14, 2014). The court pointed out that MPHJ's preemption assertion was a defense to its allegedly unfair and deceptive practices, and that a defense cannot provide a basis for federal subject matter jurisdiction. *See Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987).

MPHJ appeals the remand to state court, and has filed a petition for a writ of mandamus.

### DISCUSSION

MPHJ argues that the district court abused its discretion (1) in effectively denying its motion for sanctions; (2) by refusing to decide the motion to dismiss for lack of personal jurisdiction before deciding subject matter

jurisdiction; and (3) in "effectively amending the Original Complaint and then declining to exercise jurisdiction over the complaint as amended, or in remanding the case . . . without first deciding a controlling federal question of preemption under the First Amendment and federal patent law." Def.'s Notice of Appeal para. 3, May 13, 2014.

## A.

We start with the issue of appellate jurisdiction over this remand order. Section 1447(d) of Title 28 provides that:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]

The Supreme Court has held that this provision applies only to remands based on the grounds specified in § 1447(c)—namely, a defect in removal procedure or lack of subject matter jurisdiction. *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343–45 (1976). In *Kircher v. Putnam Funds Trust*, the Court stated that "we have relentlessly repeated that 'any remand order issued on the grounds specified in § 1447(c) [is immunized from all forms of appellate review] . . . .'" *Kircher*, 547 U.S. 633, 640 (2006) (citing *Thermtron*, 423 U.S. at 351).

Here the district court remanded on a ground provided in § 1447(c); that is, in the district court's view the complaint did not raise a claim or question of federal law to give rise to federal jurisdiction. Section 1447(d) precludes this court from second-guessing the district court's jurisdiction determination regarding subject matter. If the § 1447(d) bar applies, "review is unavailable no matter how plain the legal error in ordering the remand." *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977) (citing *Gravitt v. Sw. Bell Tel. Co.*, 430 U.S. 723 (1977)). In making that determination, we look only to whether "the

District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007). Here, the district court repeatedly stated the position that "the Court does not have subject matter jurisdiction." We therefore lack jurisdiction to review the remand decision.

## B.

MPHJ argues that § 1447(d) is "not even relevant" to our review of the district court's failure to address MPHJ's motions to dismiss for lack of personal jurisdiction and for sanctions. Although § 1447(d) is not of itself dispositive of the reviewability of a motion for sanctions, the district court's remand order dominates any proceedings on this appeal.

MPHJ cites the Supreme Court's decision in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), as showing that personal jurisdiction and subject matter jurisdiction are distinct concepts, and that district courts have discretion under certain circumstances to address personal jurisdiction before turning to subject matter jurisdiction. *Id.* at 588. However, *Ruhrgas* does not create an exception to the § 1447(d) bar.

## C.

MPHJ offers additional arguments, but none permits this court to depart from § 1447(d), even if there were legal error on the part of the district court in ruling that it lacked jurisdiction. *See Powerex*, 551 U.S. at 236.

Accordingly,

IT IS ORDERED THAT:

(1) The State of Vermont's motion to dismiss is granted. The petition and appeal are dismissed.

(2) Each side shall bear its costs.

(3) The State's motions to take judicial notice are granted.

(4) The State's motion to strike is moot.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court