# United States Court of Appeals for the Federal Circuit

---

**JOHN PRESTON, DIRECTLY AND DERIVATIVELY, AS SHAREHOLDER OF ELECTROMAGNETICS CORPORATION, A DELAWARE CORPORATION, CONTINUUM ENERGY TECHNOLOGIES, LLC, A DELAWARE LIMITED LIABILITY COMPANY,**
*Plaintiffs-Appellees*

v.

**CHRISTOPHER NAGEL, IDL DEVELOPMENT, LLC,**
*Defendants-Appellants*

---

2016-1524

---

Appeal from the United States District Court for the District of Massachusetts in No. 1:15-cv-13592-WGY, Judge William G. Young.

---

Decided: June 1, 2017

---

JOSEPH M. CACACE, Todd & Weld LLP, Boston, MA, argued for plaintiffs-appellees. Also represented by HOWARD M. COOPER.

KEVIN PAUL MARTIN, Goodwin Procter LLP, Boston, MA, argued for defendants-appellants. Also repre-

sented by ROBERTO M. BRACERAS; MICHAEL GAVIN STRAPP, DLA Piper US LLP, Boston, MA.

_____

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

The district court remanded this case to state court for a lack of subject-matter jurisdiction. Because 28 U.S.C. § 1447(d) bars review of the district court's decision to remand, we dismiss this appeal.

I

Plaintiffs (collectively, Preston) filed a complaint against Defendants (collectively, Nagel) in Massachusetts Superior Court alleging fifteen state-law claims. Nagel answered the complaint and filed eleven counterclaims under the Declaratory Judgment Act seeking declarations of non-infringement of several patents held by plaintiff Electromagnetics Corporation. Nagel also removed the case to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1441, the general removal statute, and 28 U.S.C. § 1454, the patent removal statute. Preston moved to remand. The court determined that it lacked subject-matter jurisdiction because Preston's state-law claims did not arise under federal law and Nagel's patent counterclaims did not present a justiciable case or controversy under Article III. It therefore remanded the case to Massachusetts Superior Court. Nagel timely appealed.

II

A

Nagel seeks review of the district court's decision to remand this case. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," sub-

ject to statutory exceptions not applicable here. This reviewability bar "applies equally to cases removed under the general removal statute, § 1441, and to those removed under other provisions." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 641 (2006). Because § 1447(d) is to "be read *in pari materia* with § 1447(c)," it "preclude[s] review only of remands for lack of subject matter jurisdiction and for defects in removal procedure." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229–30 (2007); *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46 (1976). As the district court found no procedural flaws, **[J.A. 131–34]**, we must determine if it "relied upon a ground that is colorably characterized as subject-matter jurisdiction." *Powerex*, 551 U.S. at 234. If it did, "appellate review is barred by § 1447(d)." *Id.*

Here, the district court remanded the case because it found that it lacked subject-matter jurisdiction over Preston's state-law claims and that Nagel's patent counterclaims did not present an Article III case or controversy because they failed to satisfy the immediacy requirement of *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007).[1] At oral argument, Preston conceded that this was a remand based on subject-matter jurisdiction. Oral Argument at 13:10–13:21, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 16-1524.mp3. Thus, § 1447(d) facially controls, and we are precluded "from second-guessing the district court's

---

[1] State-law claims may arise under federal law if a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)).

jurisdiction determination regarding subject matter," *Vermont v. MPHJ Tech. Invs., LLC*, 763 F.3d 1350, 1353 (Fed. Cir. 2014), "no matter how plain the legal error in ordering the remand," *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977).

## B

Recognizing that § 1447(d) would ordinarily bar reviewability here, Nagel asks us to hold that an exception exists "where, as here, defendants invoked § 1454 to remove patent claims over which federal courts have exclusive jurisdiction." Appellants' Br. at 17. In support, Nagel relies on *Osborn v. Haley*, 549 U.S. 225 (2007), to argue that the America Invents Act (AIA) overrides § 1447(d)'s bar. We disagree.

### 1

In *Osborn*, the Supreme Court determined that remands of certified Westfall Act cases are reviewable, despite § 1447(d)'s bar on appellate review of remand orders. *Id.* at 243. Under the Westfall Act, when federal employees are sued for common-law torts that occurred in the course of their official duties, the United States is substituted as the defendant after the Attorney General certifies that the employee had acted within the scope of his or her federal employment. 28 U.S.C. § 2679(d)(1)–(2). That certification "conclusively establish[es] scope of office or employment for purposes of removal," *id.* § 2679(d)(2), and by extension, exclusive federal jurisdiction, *Osborn*, 549 U.S. at 231. Unlike the ordinary case, in which the "federal district court undertakes a threshold inquiry" of "whether complete diversity exists or whether the complaint raises a federal question," in a certified Westfall Act case, "no threshold determination is called for" because "the Attorney General's certificate forecloses any jurisdictional inquiry." *Id.* at 243. Thus, the Court concluded that remands of certified cases are reviewable. *Id.* at 244. The Court reasoned that the conclusive nature of

the Attorney General's certification for removal purposes "would be weightless" if a district court could "remand a removal action on the ground that the Attorney General's certification was erroneous." *Id.* at 242; *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 433 n.10 (1995) (explaining that Congress adopted the Westfall Act language making certification "conclusiv[e] . . . for purposes of removal" to "foreclose needless shuttling of a case from one court to another").

However, the Court defined this exception to the § 1447(d) bar narrowly to avoid "collid[ing] head on with § 1447(d), and with [prior] precedent." *Osborn*, 549 U.S. at 244. Noting that because appellate review is "scarcely" permitted, it held that courts should review remand orders ordinarily governed by § 1447(d) only "in the extraordinary case in which Congress has ordered the intercourt shuttle to travel just one way—from state to federal court." *Id.* at 243–44.

2

According to Nagel, the AIA makes this case similarly "extraordinary." Congress included several provisions in the AIA to strengthen federal courts' jurisdiction over patent claims in response to the Supreme Court's decision in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, which held that the Federal Circuit lacked jurisdiction to hear appeals from cases "in which the complaint does not allege a claim arising under federal patent law, but the answer contains a patent-law counterclaim." 535 U.S. 826, 827, 831–32 (2002). After *Holmes Group*, some believed that only the state courts could hear patent-law counterclaims in the same action as a plaintiff's state-law claims. *See, e.g., Green v. Hendrickson Publishers, Inc.*, 770 N.E.2d 784, 793–94 (Ind. 2002) (relying on *Holmes Group* to find that state courts have jurisdiction to entertain copyright counterclaims with reasoning that applies to patent counterclaims); *Report of*

*the Ad Hoc Committee to Study* Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 12 Fed. Cir. B.J. 713, 715 (2003) ("Under *Green, no* federal court will have jurisdiction to adjudicate patent claims asserted for the first time in responsive pleadings when the plaintiff's claims arise under state law, absent diversity jurisdiction.").[2]

Members of Congress expressed that *Holmes Group* could "lead to an erosion in the uniformity or coherence in patent law that has been steadily building since the [Federal] Circuit's creation in 1982," H.R. Rep. No. 109-407, at 5 (2006), and therefore made three changes in the AIA to address federal jurisdiction of patent claims: (1) 28 U.S.C. § 1338(a) was strengthened to clarify that state courts had no jurisdiction over "any claim for relief arising under any Act of Congress relating to patents"; (2) the Federal Circuit's exclusive jurisdiction was extended to include cases with compulsory patent counterclaims, *see* 28 U.S.C. § 1295(a)(1); and (3) a provision was added to permit a party to remove to federal court a case in which any party asserts a patent claim, *see* 28 U.S.C. § 1454. *See Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 643–44 (Fed. Cir. 2015).

3

Nagel argues that the "*Holmes Group* fix" created the one-way "intercourt shuttle" that *Osborn* described. By depriving the state court of jurisdiction to hear patent claims (including counterclaims) and by creating a removal provision targeted at patent claims (and counterclaims), Congress created a vehicle for a defendant's patent counterclaims to be heard in federal court along-

---

[2]    The defendant-counterclaimant always had the option to assert the patent claim in a separate action in federal court.

side a plaintiff's state-law claims. But nothing in the AIA operates like the Attorney General's certification under the Westfall Act, which was "[o]f prime importance to [the Supreme Court's] decision" because it "foreclose[d] any jurisdictional inquiry." *Osborn*, 549 U.S. at 241, 243. Rather, here the district court was still required to "undertake a threshold inquiry" of "whether complete diversity exists or whether the complaint raises a federal question." *See id.* at 243. Having done so, the district court concluded that it lacked subject-matter jurisdiction because Preston's claims arose under state law and Nagel did not establish that the counterclaims satisfied the Article III case-or-controversy requirement. Since the district court's task was that of the "typical case," the narrow exception of *Osborn* does not permit us to review the district court's remand decision.

Nagel further argues that we must be able to review the district court's remand here to avoid a problem that the Supreme Court identified as potentially "serious": the death knell of a claim subject to exclusive federal jurisdiction without federal review. *See Kircher*, 547 U.S. at 645–46. Because the state court must dismiss Nagel's patent counterclaims for lack of jurisdiction, *see* 28 U.S.C. § 1338(a), Nagel argues that he will have been deprived of the opportunities to have his claims heard on the merits in any forum and to challenge the district court's allegedly erroneous basis for remand. But Nagel's concern rings hollow here, where, unlike in *Osborn*, Nagel has an alternative way to present his patent claims on the merits in federal court: a separate federal declaratory judgment action. *See* Oral Arg. at 7:50–8:05 (conceding that Nagel could have filed a new federal case rather than asserting counterclaims). And any final decision in that case— jurisdictional or on the merits—would be appealable here. Therefore, assuming that the district court's *MedImmune* determination here was erroneous, Nagel has lost, at most, the ability to have his declaratory judgment claims

heard with Preston's state-law claims. That result does not interfere with Congress's primary objective in enacting the "*Holmes Group* fix"—maintaining uniformity in patent law. *See* H.R. Rep. No. 109-407, at 5.

To the extent the AIA prefers that closely related state-law claims and patent-law counterclaims be heard together,[3] it does not follow that we have jurisdiction to review remand decisions that require such claims to be pursued in separate forums. "Absent a clear statutory command to the contrary, we assume that Congress is aware of the universality of th[e] practice of denying appellate review of remand orders when Congress creates a new ground for removal." *Kircher*, 547 U.S. at 641 n.8 (quoting *Things Remembered v. Petrarca*, 516 U.S. 124, 128 (1995)) (alteration in original). Though hearing the state-law and patent-law claims together may promote important interests such as efficiency and avoiding inconsistent judgments, we are not persuaded that the AIA commands us to favor these interests over § 1447(d) and the presumption of remand non-reviewability. Had Congress sought to permit review of remands like the one at issue here, it certainly knew how to do so. *Id.* (collecting examples). Thus, we leave it to Congress to grant us reviewability here if it sees fit.

### III

Because § 1447(d) prohibits our review of the district court's remand order, we dismiss the appeal for lack of subject-matter jurisdiction.

### DISMISSED

---

[3]    *E.g.*, H.R. Rep. No. 109-407, at 18 (statement of Rep. Smith) ("The [removal] provision also promotes administrative efficiencies by obviating the need for a state litigant to file a second suit to address patent claims in federal court.").