Betsabe **MONTOYA** and Blanche Pesce, individually and on behalf of all others similarly situated, Plaintiffs,

v.

**NEW YORK STATE UNITED TEACHERS, et al.,** Defendants.

No. CV 10–2068.

United States District Court, E.D. New York.

Nov. 23, 2010.

Keller Rohrback, L.L.P. by David S. Preminger, Esq., New York, NY, Keller Rohrback, L.L.P. by Amy Williams, Derry, Esq., Lynn Lincoln Sarcko, Esq., Tana Lin, Esq., Derek W. Loeser, Esq., Seattle, WA, Denis J. Jean, Esq., Franklin Square, NY, for Plaintiffs.

Groom Law Group by Lars C. Golumbic, Esq., Edward Scallet, Esq., Julia E. Zuckerman, Esq., Washington, DC, for Defendant New York State United Teachers and related New York State United Teachers Member Benefits Trust Defendants.

Jorden Burt LLP by Markham R. Leventhal, Esq., Landon K. Clayman, Esq., Todd M. Fuller, Esq., Miami, FL, for Defendant ING Life Insurance and Annuity Company.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a class action alleging New York State claims for violation of breach of fiduciary duties. The action was commenced in the Supreme Court of the State of New York, County of Nassau, and was thereafter removed to this court. The removal petition alleges that while Plaintiffs cast their claims in terms of state law, the complaint actually sets forth causes of action sounding in federal securities law violations.

Presently before the court is Plaintiffs' motion to remand the matter to State Court. Defendants, arguing the existence of federal jurisdiction based upon their characterization of the complaint as raising federal claims, oppose remand. Further, once jurisdiction is retained, Defendants move for judgment dismissing the complaint. The dismissal motion is based upon the argument that the state law claims set forth in the complaint (which are the only claims therein) are subject to dismissal pursuant to the Securities Litigation Uniform Standards Act, 15 U.S.C. § 77 ("SLUSA"). SLUSA expressly prohibits the pursuit of class action state law claims that are more properly characterized as raising claims of securities fraud. For the reasons that follow, the motion to remand is denied, and the motion to dismiss the complaint is granted.

### BACKGROUND

#### I. The Parties

Plaintiff Betsabe Montoya ("Montoya") is a teacher, and Plaintiff Blanche Pesce ("Pesce") is a retired teacher. Both Betsabe and Montoya (collectively "Plaintiffs") invested in tax deferred annuity programs offered by AETNA Life Insurance and Annuity Company ("AETNA"), the predecessor in interest to Defendant ING Life

Insurance and Annuity Company ("ILI-AC"), (collectively referred to herein as "ING"). The programs in which Plaintiffs participated are known as the "Opportunity Plus" and "Opportunity Independence" programs (the "Programs"). The Programs offer participants a variety of retirement investment options and exist pursuant to Section 403(b) of the Internal Revenue Code. They were created by Defendant New York State United Teachers Member Benefits Trust ("United Teachers Trust"), an arm of Defendant New York State United Teachers ("United Teachers"), in conjunction with ING. Also named as Defendants herein are the individual trustees of Teachers Trust. The court refers herein to United Teachers Trust, its individual trustees, and Teachers Trust collectively as the "NYSUT" Defendants.

## II.  *The Allegations of the Complaint*

The Programs are characterized by Plaintiffs as "extremely high cost investments that carry greater risk than comparable lower cost investments." The factual crux of Plaintiffs' complaint is based upon an exclusive endorsement relationship that existed over several years between the NYSUT Defendants and ING. Specifically, Plaintiffs' allege that Teachers Trust agreed to exclusively endorse the Programs to its members in exchange for millions of dollars paid to Teachers Trust. It is those payments, and not the fulfillment of the obligation to offer the most prudent investment to its participants, that are alleged to have been the force that drove the NYSUT endorsement. The endorsement is thus argued to have been an act that violated the NYSUT Defendants' fiduciary obligations to the Plaintiffs and the class. ING is alleged to have aided and abetted the NYSUT Defendants' breach of fiduciary duty.

## III.  *Prior ERISA Action*

Prior to the commencement of this action, Plaintiffs commenced a lawsuit against the same Defendants named herein in the Southern District of New York. That lawsuit, based upon the same factual allegations raised here, sought to impose liability pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(2) and (a)(3) ("ERISA") (the "ERISA Action"). Essentially, the ERISA action alleged that the endorsement arrangement described above, pursuant to which the NYSUT Defendants exclusively endorsed the Programs to its members in exchange for the payment of millions of dollars, violated Defendants' fiduciary obligations under ERISA.

Similar to the factual allegations set forth here, the ERISA Action alleged that Defendants breached their ERISA fiduciary obligations by:

- failing to conduct an adequate investigation of the merits of the [Programs];
- exclusively endorsing the [Programs] in exchange for the payment of millions of dollars by ING notwithstanding the fact that the [Programs were] substantially more expensive than comparable programs that were readily available in the marketplace, and
- by failing to provide complete and accurate information to participants regarding the [Programs], the reasons for its endorsement, and the fact that [they] were not in the best interests of NYSUT members." [1]

In August of 2009, the District Court for the Southern District of New York dismissed the ERISA Action. That dismissal was based upon the legal conclusion that the court lacked subject matter jurisdiction over Plaintiffs' claims because the Programs are governments plans that are statutorily exempt from ERISA. *See*

---

**1.** The court quotes from the ERISA Action    complaint which is properly before the court.

*Montoya v. ING Life Insurance and Annuity Company,* 653 F.Supp.2d 344, 353 (S.D.N.Y.2009). After dismissal of the ERISA Action, Plaintiffs commenced the present action in New York State court, alleging only state law claims for breach of fiduciary duty. Unlike the ERISA Action, which alleged that the endorsement agreement violated Defendants ERISA fiduciary obligations, this action alleges that the same endorsement agreement violates state law fiduciary obligations.

## IV. *The Motions*

As noted, Plaintiffs seek to have this matter remanded to State Court. The remand motion is based upon the procedural argument that Defendants did not timely remove, and, in the event that removal is deemed timely, on the merits. Defendants oppose remand and, as described above, seek dismissal. After discussing relevant legal standards, the court will turn to the merits of the motions.

## *DISCUSSION*

## I. *Timeliness of Removal*

■ Initially, the court addresses, and rejects, the argument that removal was not timely. 28 U.S.C. § 1446(b) requires that a notice of removal be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). The running of the thirty day removal period is triggered by "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service

of the summons, *but not by mere receipt of the complaint unattended by any formal service."* *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (emphasis added). While a courtesy copy of the complaint herein was provided to Defendants in excess of thirty days prior to the removal date, formal service was not completed until April 16, 2010. The court holds that the thirty day removal period did not begin until service was complete. Filing of the removal petition on May 6, 2010, was therefore timely. Having held that removal was timely, the court turns to the merits of the motions.

## II. *Remand: Propriety of Removal Under SLUSA*

■ SLUSA's 1998 enactment was an effort by Congress to prevent class action securities law plaintiffs from circumventing the heightened pleading requirements enacted under the Private Securities Litigation Reform Act ("PSLRA"). To that end, SLUSA prohibits plaintiffs from pursuing securities law violations as state law class actions in state courts. SLUSA provides that such state law class actions, referred to as "covered" actions, may be removed to federal court, where they are to be dismissed. *See* 15 U.S.C. § 77p. Specifically, SLUSA provides that:

> no covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b); 15 U.S.C. § 78bb(f).[2]

---

**2.** Parallel provisions of SLUSA exist under    the Securities Act of 1933, 15 U.S.C. § 77p,

SLUSA further provides that any such action is removable, and is deemed prohibited pursuant to subsection (b) of the statute. 15 U.S.C. § 77p(c). *See generally Romano v. Kazacos,* 609 F.3d 512, 517–18 (2d Cir.2010).

■ If an action is covered by SLUSA, it may proceed in neither federal nor state court, and must be dismissed. *See Kircher v. Putnam Funds Trust,* 547 U.S. 633, 126 S.Ct. 2145, 2155, 165 L.Ed.2d 92 (2006). On the other hand, in the event that the federal court determines that the removed action is not covered by SLUSA, it may be maintained in State court, and the action is to be remanded. 15 U.S.C. § 77p(c). Additionally, SLUSA has no application in cases not styled as class actions, and precludes neither individual cases, nor those alleged on behalf of any group that is fewer than fifty plaintiffs. *See Wolf Living Trust v. FM Multi–Strategy Investment Fund, LP,* 2010 WL 4457322 *3 (S.D.N.Y.2010). The issue before this court, with respect to both the motions to remand and dismiss, is whether Plaintiffs' complaint is covered by SLUSA, requiring denial of the motion to remand and granting of the motion to dismiss, or whether the complaint is not covered by SLUSA requiring a grant of remand and denial of dismissal.

■ To remove a state court action under SLUSA, and thereafter compel dismissal, Defendants must show that the action: (1) is a "covered" class action; (2) that is based on state statutory or common law; (3) alleging that defendants made a "misrepresentation or omission of a material fact" or "used or employed any manipulative device or contrivance" "in connection with the purchase or sale," (4) of a "covered security." *Romano,* 609 F.3d at 518. There is no question as to the first element, *i.e.,* that the action here is a

"covered class action" within the meaning of SLUSA. The parties dispute, however, the existence of the remaining elements.

■ Before turning to the merits of those elements about which the parties disagree, the court notes that the mere refusal of Plaintiffs to refer to their claims as securities violations is not dispositive of the matters before the court. Where, as here, removal is alleged pursuant to SLUSA, the artful pleading doctrine applies, and the court looks beyond the face of the complaint to determine whether the complaint actually alleges securities fraud. Thus, Plaintiffs are not the masters of their complaint and therefore "free to avoid federal jurisdiction by 'pleading only state claims even where a federal claim is also available.' " *Romano,* 609 F.3d at 518. Instead, the court looks beyond "the face of an 'artfully pled' complaint to determine whether plaintiff has 'cloth[ed] a federal law claim in state garb' by pleading state law claims that actually arise under federal law." *Id.* at 519 (citation omitted). In such cases, the court will uphold the propriety of the removal, despite the fact that words invoking federal jurisdiction appear nowhere in the plaintiffs' complaint. *Id.* Having established the parameters of its review of Plaintiffs* complaint, the court turns to consider whether the elements providing for removal and dismissal under SLUSA exist.

### A. *Covered Security*

Plaintiffs do not dispute that the variable annuities offered as investment options in the Programs are covered securities within the meaning of SLUSA. Their argument against holding that Plaintiffs invested in "covered securities," focuses on a single investment option within the Programs—a fixed annuity option.

and the Securities Exchange Act of 1934, 15 U.S.C. § 78bb.

■ First, Plaintiffs argue that it is premature to determine whether the Programs constitute covered securities within the meaning of SLUSA. While that argument might have merit if the court were limited to considering only the four corners of the complaint, it has no merit where, as here, it is appropriate to look outside of the pleadings to determine whether SLUSA jurisdiction exists. *Romano,* 609 F.3d at 520. Thus, the court may consider the documents that comprise the Programs in determining whether Plaintiffs' claims involve a covered security.

■ When considering the Programs, it is clear that to the court that they are covered securities. First, the parties do not dispute that variable annuities, such as those available for investment under the Programs, are registered securities under the Investment Company Act of 1940, and are therefore covered securities within the meaning of SLUSA. *See Lander v. Hartford Life & Annuity Ins. Co.,* 251 F.3d 101, 109 (2d Cir.2001) (variable annuities are covered securities under SLUSA). Plaintiffs' argument that the presence of an investment option offered within the Programs—the "ING Fixed Account"— takes this matter outside of SLUSA's definition of a covered security, is rejected. The Programs are the integration of various investment opportunities under a single umbrella offered to participants. While it is clear that variable annuities constitute covered securities, and that a single fixed annuity contract does not, *see Lander,* 251 F.3d at 109, it does not follow that the offering of a fixed option within a variable annuity contract, which option was never available for separate sale, places the instrument outside of the requirement of regulatory registration. *See Winne v. Equitable Life Assurance Society of U.S.,* 315 F.Supp.2d 404, 411 (S.D.N.Y.2003) ("SLUSA coverage is dependent on the structure of the annuity, not on how an annuitant chooses to allocate funds within the annuity"). Instead, even as described by Plaintiffs, this is a case involving the sale of a wide variety of investment options, all of which were offered to Plaintiffs, upon the same allegedly false pretense. It would make little sense to segregate out a single investment option and thereby exempt the Programs from the scrutiny of the securities laws. The fixed annuity option is just one of the options that comprise the Programs. As this option is a part of a broad program of variable annuities, and is not offered for separate sale, the court concludes that its availability does not take this matter outside of SLUSA. Simply stated, there is no support for the argument that a court is free to parse out a single investment option from the various retirement programs offered to Plaintiffs to render the complaint outside of the definition of a covered security. The court therefore proceeds to consider whether the remaining elements of SLUSA are satisfied.

B. *Use of a "Manipulative or Deceptive Device" and/or Misrepresentations or Omissions of Material Fact*

As described above, and recited at length in Plaintiffs' complaint, the factual basis of Plaintiffs' complaint is the exclusive endorsement arrangement between the NYSUT Defendants and ING. As stated repeatedly by Plaintiffs, that endorsement was provided in exchange for payments made by ING, and did not represent a recommendation based upon the best interests of the Plaintiffs and others making pension investment decisions. Plaintiffs go to great lengths to characterize their claim as a breach of fiduciary duty, and not as a "manipulative device" or the "failure to disclose material information." Defendants, on the other hand, argue that the facts supporting Plaintiffs' claims present a classic case of a scheme

prohibited under the securities laws, as well as non-disclosure of material information that would have been important to know when making an investment decision. The court agrees with Defendants.

■ Despite the fact that Plaintiffs assiduously avoid words and phrases using the terms "manipulative or deceptive device," "disclose," "disclosure" "duty to disclose," or "omission," it is clear that Plaintiffs' claim of breach of fiduciary duty is based upon the alleged existence of a fraudulent scheme, as well as the failure to disclose a relationship violating Plaintiffs' trust in Defendants. Had Defendants based their endorsement of the Programs on Plaintiffs' best financial interests and/or disclosed the relationship that is alleged to have driven the exclusive endorsement, there would be no breach of the fiduciary duty alleged. Engaging in the exclusive endorsement in return for payment, and the failure to make proper disclosure are necessarily the same conduct supporting the alleged breaches of fiduciary duty. There is no question but that Plaintiffs' claim turns upon whether or not it was appropriate to receive payments in exchange for allegedly objective investment advice, and whether there was a duty to disclose the alleged conflict of interest underlying the exclusive endorsement arrangement. Either way, the factual allegations underlying conduct covered by SLUSA are one and the same as those alleged in support of the fiduciary breach alleged.

Similar facts were presented in *Felton v. Morgan Stanley Dean Witter & Co.*, 429 F.Supp.2d 684 (S.D.N.Y.2006). There, plaintiffs alleged that defendant breached the contract to give independent and objective financial advice by recommending investment in companies in which defendant had an undisclosed financial interest. *Felton*, 429 F.Supp.2d at 688–89. As here, Plaintiffs in *Felton*, couched their claims in terms of state law, avoiding any mention of federal securities law violations. The *Felton* court described plaintiffs' claims as believing "that they were paying for and receiving informed and objective investment advice," but actually receiving "recommendations based on [defendant's] existing or desired investment banking deals." *Id.* at 694. The court rejected this attempt at artful pleading, and held that the claims of conflict of interest were the "quintessential example of a fraudulent omission of a material fact under the federal securities laws," as well as "engaging in a fraudulent scheme." *Id.* Similarly, Plaintiffs here allege that they thought that the investment advice provided pursuant to the exclusive endorsement was based upon NYSUT's fiduciary obligation to provide unbiased financial advice, but in fact, such advice was based upon payments made to NYSUT by ING. Like the scheme alleged in *Felton*, Plaintiffs here allege the classic use of a manipulative or deceptive device, aimed here at increasing the payment of fees, rather than fulfillment of the duty to provide objective investment advice.

Plaintiffs' complaint is also easily characterized as alleging "an untrue statement or omission of a material fact" sufficient to bring the complaint within those covered by SLUSA. Plaintiffs' breach of fiduciary duty claim hinges not only on the existence of an improper agreement but also on the failure to disclose that arrangement. Certainly, the failure to disclose the financial relationship between NYSUT and ING constitutes, according to Plaintiffs, an alleged breach of fiduciary duty owed by NYSUT to its members. Disclosure of that relationship would likely satisfy the fiduciary duty alleged to have been breached by non-disclosure.

For the foregoing reasons, the court holds that Plaintiffs' complaint alleges,

within the meaning of SLUSA, both "an untrue statement or omission of a material fact," and the use or employment of a "manipulative or deceptive device or contrivance." 15 U.S.C. § 77p(b); 15 U.S.C. § 78bb(f).

### C. *"In Connection With" Requirement*

 The court turns next to consider the final SLUSA element at issue, *i.e.,* whether the alleged scheme and/or omissions were made "in connection with" a covered security, and concludes easily that they were. When considering this element of SLUSA, courts are guided by interpretations of the "in connection with" phrase in securities fraud actions brought pursuant to Section 10 and Rule 10b–5 of the Securities Act of 1934. *Romano,* 609 F.3d at 521. In such cases, the "in connection with" requirement is met where the fraud alleged "coincides" with a purchase or sale of a security. *Id.* As the Second Circuit has held, "SLUSA's 'in connection with' standard is met where plaintiff's claims turn on injuries caused by acting on misleading investment advice" or when "the act complained of somehow *induced* the purchaser to purchase the security at issue." *Id.* at 522 (emphasis in original) (citations omitted). Here, Plaintiffs allege that they made the decision to invest in the Programs as a result of what is alleged to have been the misleading exclusive endorsement of the Programs by ING. These allegations fall squarely within the parameters of the "in connection with" requirement.

### III. *Disposition of the Motions*

The court concludes, based upon the holdings above, that Plaintiffs' class action is covered by SLUSA, and therefore may not be pursued. Accordingly, the motion to remand must be denied and the motion to dismiss must be granted. The court expresses no opinion, as none is necessary, as to the actual propriety of the conduct of any Defendant herein. The court holds only that Plaintiffs' state law class action may not be maintained, and is hereby dismissed.

### CONCLUSION

For the foregoing reasons, the motion to remand this matter to the State Court is denied and the motion to dismiss is granted. The Clerk of the Court is directed to close the file in this case.

SO ORDERED.