**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLEN STOODY-BROSER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>        Defendants - Appellees. | No. 09-17112<br><br>D.C. No. 3:08-cv-02705-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted May 11, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON,[**] District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Michael H. Watson, District Judge for the U.S. District Court for Southern Ohio, Columbus, sitting by designation.

Ellen Stoody-Broser appeals the district court's order dismissing her class action complaint against Bank of America ("BOA") pursuant to Fed. R. Civ. P. 12(b)(6) as well as the court's denial of leave to amend the complaint. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's order dismissing the complaint, but we remand with instructions to grant Stoody-Broser leave to amend.

The Securities Litigation Standards Act of 1998 ("SLUSA") provides that "[n]o covered class action based upon the statutory or common law of any State . . . may be maintained in any State or Federal court by any private party alleging– (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security."[1] 15 U.S.C. § 78bb(f)(1). We have held that "[m]isrepresentation need not be a specific element of the claim to fall within [SLUSA]'s preclusion." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1222, n.13 (9th Cir. 2009).

---

[1] Here, there is no dispute that the complaint pleads a "covered class action," *see* 15 U.S.C. § 78bb(f)(5)(B), that the claims are "based on" state common law, *see* 15 U.S.C. § 78bb(f)(1), or that the complaint's allegations concern a "covered security," *see* 15 U.S.C. §§ 78bb(f)(5)(E), 77r(b).

Stoody-Broser's complaint alleges omissions of material fact and deceptive practices in connection with BOA's investment in proprietary mutual funds. For instance, the complaint alleges that the trust beneficiaries had no advance knowledge of BOA's investments and that they only learned about the investments after they were made. The complaint also alleges that BOA failed to document its transactions and make such documentation available. The complaint further alleges that these omissions allowed BOA to reap millions as part of an unlawful "scheme." The district court correctly ruled that the essence of these allegations is that BOA fraudulently engaged in self-dealing. *See Segal v. Fifth Third Bank*, 581 F.3d 305 (6th Cir. 2009) (holding that similar complaint was precluded by SLUSA); *Siepel v. Bank of America*, 526 F.3d 1122 (8th Cir. 2008) (same); *Kutten v. Bank of America*, 530 F.3d 669 (8th Cir. 2008) (same). Accordingly, we agree with the district court that Stoody-Broser's complaint, as currently drafted, is precluded under SLUSA.

We are not convinced, however, that amendment of the complaint would be futile.[2] "Dismissal without leave to amend is improper unless it is clear, upon de

---

[2] Although Stoody-Broser did not challenge the district court's denial of leave to amend in her opening brief, we exercise our discretion to review whether denial of such relief was proper. *See Vasquez v. Holder*, 602 F.3d 1003, 1010 n.6 (9th Cir. 2010).

novo review, that the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (quoting *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991)).  We recognize the danger of artful pleading, and we do not hold that the removal or the addition of any specific allegation will necessarily avoid preclusion of the breach of fiduciary duty claim in this case.  We believe, however, that a complaint may allege a violation of a trust administrator's fiduciary duty to the trust's beneficiaries even where that violation involves trading in covered securities so long as the complaint does not allege, either expressly or implicitly, misrepresentations, omissions, or fraudulent practices coincidental to the violation.  We therefore remand so that Stoody-Broser may be given the opportunity to plead such a complaint.

AFFIRMED in part; REVERSED in part and REMANDED.

Each side to bear their own costs on appeal.

4