FLAUM, Circuit Judge,
concurring.
I agree that the Securities Litigation Uniform Standards Act of 1998 (“SLU- *917 SA”), 15 U.S.C. § 78bb(f), warranted removal and dismissal of Stephen Riehek’s lawsuit. The challenge presented by this appeal requires addressing the scope of SLUSA’s “misrepresentation or omission of a material fact” prohibition.
Stephen Richek, as trustee under the Seymour Richek Revocable Trust, entered into an agreement with LaSalle National Bank, under which LaSalle would open a custodian account for the Trust to invest in securities.[1] The parties agreed to a fee schedule that required LaSalle to notify Richek of any increases. As part of maintaining Richek’s custodian account, LaSalle would invest (“sweep”) any cash balances at the end of the day into a mutual fund Richek had selected from a list provided by LaSalle. Eventually, Richek learned that LaSalle, unbeknownst to him, had been accepting reinvestment (“sweep”) fees from the rqutual funds based on the average daily invested balance LaSalle had swept from his custodian account. Each fee was unique to the particular mutual fund.
Richek sued the Bank[2] in Illinois state court on behalf of all customers with custodian accounts, alleging that the Bank had (1) violated its fiduciary duties and (2) breached the underlying contract. The Bank removed the lawsuit to federal court pursuant to SLUSA and 28 U.S.C § 1332(d)(2). Richek subsequently amended his complaint, and the district court dismissed that amended complaint under SLUSA, entering judgment for the Bank. This appeal followed.
SLUSA provides, in relevant part:
No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
(A) A misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security.
15 U.S.C. § 78bb(f)(l). There is no dispute that Richek’s class action qualified as a “covered class action” under the statute. Instead, the issue is whether Richek alleged “a misrepresentation or omission of a material fact.”[3]
Brown v. Calamos, 664 F.3d 123 (7th Cir. 2011), is instructive. There, a plaintiff shareholder sued a closed-end investment fund alleging that the fund had breached its fiduciary duty by redeeming a particular stock, at terms unfavorable to the common shareholders, in an effort to remain in the good graces of the investment banks and brokerage firms facing lawsuits stemming from the stock’s value after the 2008 financial crisis. Id. at 126. We concluded, despite the complaint’s language to the contrary,[4] that the complaint “implicitly” alleged a material misrepresentation or omission: The fund had failed to disclose *918 the conflict of interest created by its broader concerns for the fund family’s[5] long-term wellbeing. Id. at 127. Without addressing the complaint’s unjust enrichment claim, we affirmed the district court’s dismissal of the complaint under SLUSA. Id. at 131.
In doing so, we considered three approaches to dismissing complaints under SLUSA: (1) the Sixth Circuit’s “literalist” approach, where the court asks simply whether the complaint can reasonably be interpreted as alleging a material misrepresentation or omission, see Atkinson v. Morgan Asset Mgmt., Inc., 658 F.3d 549, 554-55 (6th Cir. 2011); (2) the Third Circuit’s “looser” approach, where the court asks whether proof of a material misrepresentation or omission is inessential (an “extraneous detail” that does not require dismissal) or essential (either a necessary element of the cause of action or otherwise critical to a plaintiffs success in the case, warranting dismissal), see LaSala v. Bordier et Cie, 519 F.3d 121, 141 (3d Cir. 2008) (citing Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005)); and (3) the Ninth Circuit’s “intermediate” approach, where the court dismisses preempted suits without prejudice, permitting plaintiffs to file complaints devoid of any prohibited allegations, see Stoody-Broser v. Bank of America, 442 Fed.Appx. 247, 248 (9th Cir. 2011).
We have expressed concern with the Ninth Circuit’s approach, cautioning, “No longer in American law do complaints strictly control the scope of litigation.” Brown, 664 F.3d at 127. A plaintiff who removes SLUSA-triggering allegations in an attempt to avoid dismissal may simply “reinsert” them later upon returning to state court. Id. It is an open question in this Circuit whether this risk of reinsertion warrants a court’s looking beyond the amended complaint to the original pleading.[6] Doing so may leave the court’s analysis vulnerable to hindsight bias, but may also aid in guarding against artful amendments. Richek’s complaint history illustrates this tension. In his original complaint in state court, Richek’s fiduciary duty claim alleged,
Defendants breached their fiduciary duties of loyalty, care and candor when they steered plaintiff and members of the Class to investment vehicles that had agreed to pay a percentage fee to defendants from, and based on, reinvest-ments made by Custodian Accounts.
(emphasis added). This claim is nearly identical to the fiduciary duty claim dismissed pursuant to SLUSA in Holtz v. JPMorgan Chase Bank, N.A., No. 13-2609 (7th Cir. Jan. 23, 2017), 846 F.3d 928, 929-30, 2017 WL 279499, where the plaintiff alleged that J.P. Morgan Chase had steered its employees to invest client money in the bank’s own mutual funds, despite higher fees or lower returns. As we noted, claims alleging that “one party to a contract concealed] the fact it planned all along to favor its own interests ... is a staple of federal securities law.” Id. at 932. Here, upon removal to federal court, Ri-chek amended his complaint to among, other things, omit the “steered” language. This amendment, however, does not allevi *919 ate the concerns under SLUSA: “[Ojnce the case shorn of its fraud allegations resumes in the state court, the plaintiff—who must have thought the allegations added something to his case, as why else had he made them?—may be sorely tempted to reintroduce them, and maybe the state court will allow him to do so. And then SLUSA’s goal of preventing state-court end runs around limitations that the Private Securities Litigation Reform Act had placed on federal suits for securities fraud would be thwarted.” Brown, 664 F.3d at 128. One must then turn to Richek’s amended complaint, and to the two remaining approaches to dismissals under SLUSA, with this “reinsertion” risk in mind.
As in Broum, Riehek’s fiduciary duty claim triggered SLUSA preemption under both the Sixth Circuit’s “literalist” approach and the Third Circuit’s “looser” approach. In his amended complaint, he claims,
Defendants breached their duty of candor to plaintiff and members of the Class when they failed to disclose that they were receiving daily cash re-investment (sweep) fees from investment vehicles into which cash balances from Custody Accounts were transferred,
(emphasis added). Following the “literalist” approach, the claim’s language speaks for itself. One can reasonably read it to allege a material misrepresentation or omission: The Bank failed to disclose a particular fee that, if disclosed, may have “given pause to potential investors.” Brown, 664 F.3d at 127. Likewise, under the “looser” approach, the Bank’s failure to disclose was far from an inessential “extraneous detail.” Rather, Richek’s claim rested on it: To have succeeded on his fiduciary “duty of candor” claim, Richek needed to show that the Bank failed to disclose, or omitted, the fact that it collected “swipe fees” while investing its clients’ custody-account cash balances. The inherent misrepresentation becomes especially clear after considering the claim as it originally appeared to the state court—if, in fact, we may consider the original complaint—which alleged that the Bank secretly “steered” the clients’ money to those mutual funds that had agreed to pay the Bank “sweep fees.” The risk that Richek may “reinsert” these original allegations in a future state-court proceeding is amplified by the fact that his amended claim is inseparably intertwined with a material misrepresentation or omission. See generally Brown, 664 F.3d at 128-31. As such, Ri-chek’s fiduciary duty claim triggered SLU-SA preemption.
All of this raises the question: Did SLU-SA preempt Richek’s entire complaint or just the individual claim? We have not decided this issue.[7] Some circuits, on one hand, have endorsed a claim-by-claim approach. See In re Kingate Mgmt. Ltd. Lit, 784 F.3d 128, 153 (2d Cir. 2016); In re Lord Abbett Mut. Funds Fee Lit., 553 F.3d 248, 264-58 (3d Cir. 2009); Proctor v. Vishay Intertech. Inc., 584 F.3d 1208, 1228-29 (9th Cir. 2009). The Third Circuit, for example, has explained that “SLUSA does not mandate dismissal of an action in its entirety where the action includes only some preempted claims.” In re Lord Abbett, 553 F.3d at 255-56. Instead, the court concluded: “Allowing those claims that do not fall within SLUSA’s preemptive scope to proceed, while dismissing those that do, is consistent with the goals of preventing abusive securities litigation while promoting national legal standards for nationally *920 traded securities.” Id. at 257. On the other hand, some courts have interpreted SLU-SA to preempt actions, not individual claims. See Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 n.6 (11th Cir. 2002); Hidalgo-Velez v. San Juan Asset Mgmt., Inc., Civil No. 11-2175CCC, 2012 WL 4427077, at *3 (D.P.R. Sept. 24, 2012), rev’d on other grounds, 758 F.3d 98 (1st Cir. 2014) (“Removal of the entire action was proper because SLUSA precludes actions; not just claims. Based on [SLUSA’s] statutory language, many courts have rejected the claim-by-claim analysis advanced by Plaintiffs.”) (citation omitted) (collecting cases).
This appeal, however, does not require us to resolve the issue. Richek’s second claim, alleging breach of contract, also triggered SLUSA preemption. Specifically, Richek’s amended complaint alleged,
Despite full performance by plaintiff and the other members of the Class, defendants breached their contract with plaintiff and the other members of the Class by receiving daily cash re-investment (sweep) fees on cash balances in Custody Accounts that were transferred into money market or other investment vehicles from the recipients of the transferred funds, without authorization, or disclosure to, Custody Account holders,
(emphasis added). We have previously explained that “a plaintiff [should not be able to] evade SLUSA by making a claim that did not require a misrepresentation [or omission] in every case, such as a claim of breach of contract, but did in the particular case.” Brown, 664 F.3d at 127. The same is true here. Richek alleged the Bank breached the contract by receiving the “sweep fees” without “authorization, or disclosure to,” Richek. The disclosure claim inherently alleges a material misrepresentation or omission for the same reasons that the “disclosure” language in Ri-chek’s fiduciary duty claim does. And for Richek to have “authorized” the fees, the Bank would have had to have disclosed them to him; so the “authorization” claim was still fundamentally tied to a material misrepresentation or omission.
As noted in Holtz, SLUSA does not preempt all contract claims—just those that allege misrepresentations or omissions. Claims involving negligent breach or post-agreement decisions to breach, for example, may avoid SLUSA’s scope. Holtz, 846 F.3d at 932. I do not, however, read the examples identified in Holtz as exhaustive. Richek’s breach of contract claim may have avoided SLUSA preemption had he pleaded, for instance, that the Bank effectively reduced the “returns” the parties had agreed Richek would receive. Although such an allegation would not necessarily have involved negligence on the Bank’s part, or a post-agreement decision to breach, it still may have successfully supported a breach of contract claim that did not include a material misrepresentation or omission. But Richek did not take this approach.
Thus, SLUSA preempted Richek’s complaint, and the district court properly dismissed it.

. Margaret Richek Goldberg is the current trustee; I will refer to the investor and plaintiff as "Richek.”

. Prior to the lawsuit, Bank of America acquired LaSalle, and LaSalle became a subsidiary of Bank of America; I will refer to both institutions and defendants as “the Bank.”

. Richek also disputes that his allegations were "in connection with the purchase or sale of a covered security.” I agree with Judge Easterbrook and reject these arguments under Holtz v. JPMorgan Chase Bank, N.A., No. 13-2609 (7th Cir. Jan. 23, 2017), 846 F.3d 928, 933-34, 2017 WL 279499.

.The complaint explicitly stated, "Plaintiff does not assert by this action any claim arising from a misstatement or omission in connection with the purchase or sale of a security, nor does plaintiff allege that Defendants engaged in fraud in connection with the purchase or sale of a security.” Such a statement, however, was not a well-pleaded allegation but rather a legal conclusion entitled to no deference on review.

. The fund at issue was one of at least twenty in a family of mutual funds.

. Actually, as suggested by Brown, it may be that the district court may consider only the original complaint in assessing a defendant’s SLUSA filing; and if so, Richek's amendment was inappropriate. See 664 F.3d at 131 (discussing amendments to a complaint after a defendant has moved to dismiss under SLU-SA); see also id, (disagreeing with Behlen v. Merrill Lynch, 311 F.3d 1087, 1095-96 (11th Cir. 2002)). In any event, as will be explained, SLUSA warranted dismissal of both the original and amended complaints in this case.

. Although we discussed the plaintiff’s claims in Brown collectively, and thus referred to a single “suit,” we did not address the issue of whether individual claims may be preempted under SLUSA.